## WILSON *v.* UNION SAV. ASS'N and others.

*(Circuit Court, E. D. Missouri, E. D.*   March 30, 1887.)

REMOVAL OF CAUSES — SEPARABLE CONTROVERSY — CITIZENS OF DIFFERENT STATES—BAILMENT.

A suit by a citizen of Missouri against a banking corporation of that state, with which certain railroad aid bonds, sought to be recovered, were placed on joint deposit by two residents of Kansas, also defendants, is a suit involving a separable controversy between citizens of different states, and, as such, removable from the state to the federal courts, where the bank denies all interest in the bonds save a lien for storage and counsel fees, where one of the defendants depositing the bonds denies that his co-depositor has so performed his contract for payment of which the bonds were given him as to vest in him any right which could be assigned to the plaintiff, as set out in the bill, and the township, which appeared voluntarily, sets up the same defense, and avers that the bonds were issued without authority, and are absolutely void. On such pleadings the paramount controversy is between the plaintiff and citizens of Kansas.

At Law.

This is a suit to recover possession of a number of Oswego township bonds. It was originally brought against the Union Savings Association, the Memphis, Carthage & Northwestern Railroad Company, C. Montague, and other persons alleged to claim an interest in said bonds, but to be unknown to the plaintiff. Oswego township, Kansas, voluntarily entered its appearance as a defendant. The petition alleges that said bonds were duly issued by Oswego township to said railroad company; that one Edward Burgess had undertaken to do a large amount of work in the construction of said company's road, and that, after he had in part performed his contract, and a large sum was due him from said company, it delivered said bonds to him, and C. Montague, as trustee, in payment for the work done, and to be done, by said Burgess, upon condition that said Montague should relinquish his interest in the bonds to Burgess upon the latter's completing the work he had contracted to do; that said Burgess and Montague delivered said bonds to the Union Savings Association of St. Louis, to hold until said Burgess completed his contract, and with directions to deliver them ·to him upon its complete performance; that said Burgess performed his contract fully; that said Montague relinquished his interest in said bonds to him, and that said Burgess has sold them to the plaintiff, to whom said association refuses to deliver them. The other material facts are stated in the opinion of the court.

*M. & J. R. Kinealy,* for plaintiff.

*Hitchcock, Madill & Finkelnburg,* and *John O'Day,* for defendants.

BREWER, J. In this case a motion to remand has been made by the plaintiff. The facts are that plaintiff brought his suit in the state court to recover possession of $11,000 bonds of Oswego township. These bonds were held by the defendant the Union Savings Association. It answered, disclaiming any title to the bonds; says that they were deposited by E. Burgess and C. Montague, to whom it gave a receipt, binding itself to deliver them to the joint order of the two. It further says it is ready to deliver them to the party entitled, claiming, however, compensation for its services as trustee, and the services of counsel employed to defend this cause. The Memphis, Carthage & Northwestern Railroad Company did not answer. Oswego township, the obligor in these bonds, answered, pleading that the bonds were issued without authority, and were absolutely void. It also pleads that the agreement under which the bonds had been deposited by Burgess and Montague with the Savings Association had never been performed by Burgess, from whom Wilson, the plaintiff, claimed to have purchased them. Montague pleads the last matter as a defense. Wilson is a citizen of this state; Montague and Oswego township are citizens of Kansas. Now, upon these pleadings, it is obvious that there is a separable controversy, and the paramount controversy is between plaintiff, a citizen of this state, and Oswego township and C. Montague, citizens of Kansas. In this controversy the savings association has no interest. There being such separable controversy between citizens of different states, the case was a removable one, and the motion to remand must be overruled.